UNITED STATES, Appellee,

v.

**Larry L. LAMER, Sergeant,
U.S. Air Force, Appellant.**

**Misc. Dkt. No. 90–21,
CMR Dkt. No. 90A–05.**

U.S. Court of Military Appeals.

Argued Nov. 27, 1990.

Decided Nov. 29, 1990.

—————

For Appellant: *Major Ronald G. Morgan* (argued); *Lieutenant Colonel Jeffrey R. Owens.*

For Appellee: *Major Paul H. Blackwell, Jr.* (argued); *Major Brenda J. Hollis.*

*Opinion of the Court*

COX, Judge:

Sergeant Larry L. Lamer is pending trial by general court-martial (Judge Reinecke presiding) for a charge of rape, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. The case was referred on September 23, 1989. Pursuant to a defense request, the military judge (appellant on this petition) ordered the Government to have certain stains on a blanket tested by a civilian laboratory to determine whether they constituted possible exculpatory evidence. The first test was to determine if the stains were of vaginal fluid. If so, the second test was to determine if the fluids were attributable to the accused's wife, not the victim. If the first test did not manifest vaginal fluid, the judge indicated he would reconsider his ruling as to the appropriateness of the second test.

On December 6, the judge further ordered the Government to pay for an expert witness, Dr. McGovern, to assist the defense on the question of whether the Government had used suggestive techniques in questioning the victim. Specifically, the military judge ordered the following:

> In light of everything that has transpired so far, therefore, I am directing that the Government acquire for the defense and employ the defense requested expert consultant and witness, that being Dr. McGovern. And until that is done, as provided for in RCM 703(d), further proceedings on the case are abated. Once that's done, the defense can then resume their preparation for the case with the assistance of the expert consultant and we'll wait on the test results as I've indicated.

The first stain test, the "SAP/VAP" [seminal fluid/vaginal fluid], was performed, and the results were reported orally to the Government by March 6, 1990. *United States v. Reinecke*, 31 MJ 507, 509 (AFCMR 1990). A written report was received on March 12, and it was provided to

the defense immediately. The test did not identify the stains as vaginal fluids. That same day, the Government notified the defense that Dr. McGovern's employment as an expert was approved and funded. The second stain test, for DNA, called the "DNA/PCR," was not performed.

On May 14, 1990, the military judge dismissed the charge and specification, finding that Sergeant Lamer's right to a speedy trial as provided by RCM 707, Manual for Courts–Martial, United States, 1984, had been denied. Specifically, he concluded that the period from December 7, 1989, to March 11, 1990, was a delay attributable to the Government. 31 MJ at 510. He reasoned that he had expected the Government to employ the expert "within a period of a couple of weeks" of the order. *Id.* Thus, he calculated that more than 120 days had elapsed, including the period in question, so that RCM 707 required him to dismiss the charges.

The Government appealed the ruling pursuant to Article 62, UCMJ, 10 USC § 862. The Court of Military Review, in an unusual two-judge to two-judge split holding, reversed the military judge's ruling. Two judges held that the military judge had erred in identifying the initial point for abatement of the proceedings and that the Government, thus, was only accountable for part of the time from December 7 to March 11. 31 MJ at 512. The other two judges concluded that the abatement was a nullity and that *none* of the period should be attributed to the Government. *Id.* at 513. Both factions agreed that the Government was accountable for less than 120 days of the delay.

According to RCM 703(d):

If the military judge grants a motion for employment of an expert or finds that the Government is required to provide a substitute, the proceedings shall be abated *if the Government fails to comply with the ruling.*

(Emphasis added.)

Without deciding in general whether abatement under RCM 703(d) takes prece-dence over a defense-requested delay, we hold that the military judge was premature in abating the proceedings. It appears that, during the time that passed between issuance of the judge's order in December and his ruling in May, the defense made no objections to the Government's immediate failure to comply with the judge's order. Had the defense so moved, the Government could have explained its reasons for preferring to wait before funding the witness. The Government could have argued that, to preserve scarce resources, it was preferable to await the laboratory report because it might cause the Government to re-evaluate its decision to prosecute. Balanced against this argument, the court could have considered whether delay in securing the witness had any adverse impact on the defense. Presumably, other arguments and evidence could have been presented by both parties.

By not bringing the matter before the court, the defense waived its right to contest the timeliness of the Government's actions. Defense inaction and the military judge's premature ruling denied the Government a fair opportunity to present its arguments and evidence before imposition of this drastic remedy. Accordingly, the ruling attributing the time to the Government was error. Instead, the time clearly was attributable to the defense as a result of the tests it requested. *United States v. King,* 30 MJ 59, 62–66 and n. 7 (CMA 1990). Thus, the speedy-trial rule, RCM 707, was not violated in this case.

The decision of the United States Air Force Court of Military Review reversing the military judge's ruling is affirmed. The record of trial is remanded to the Judge Advocate General of the Air Force for such further proceedings as may be deemed necessary.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.